UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

LEROY M. LINCOLN,

    Plaintiff,

v.

NORWEGIAN CRUISE LINE
HOLDINGS, LTD., a Bermuda
Company; and NCL (BAHAMAS)
LTD. d/b/a NORWEGIAN CRUISE
LINE,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

COMES NOW, the Plaintiff, LEROY M. LINCOLN, by and through the undersigned counsel,. and hereby sues Defendants, NORWEGIAN CRUISE LINE HOLDINGS, LTD., a Bermuda Company; and NCL (BAHAMAS), LTD. d/b/a NORWEGIAN CRUISE LINE in this and further alleges as follows:

1. This is a personal injury action arising under the General Maritime Laws of the United States and seeks damages in excess of Seventy-Five Thousand Dollar ($75,000.00), exclusive of costs, interest and attorney's fees.

2. At all times material hereto, Plaintiff, LEROY M. LINCOLN, was and is a resident West Virginia.

3. At all times material hereto, the Defendant, NORWEGIAN CRUISE LINE HOLDINGS, LTD, was and is a foreign entity incorporated under the laws of the Country of Bermuda with its principal place of business located at 7665 Corporate Center Drive, Miami, FL 33126. Miami, Florida .

4. At all times material hereto, the Defendants NCL (BAHAMAS), LTD, (hereinafter referred to collectively with Defendant, NORWEGIAN CRUISE LINE HOLDINGS, LTD as "Defendants"),was and is a foreign entity incorporated under the laws of the Country of Bermuda with its principal place of business located at 7665 Corporate Center Drive, Miami, FL 33126. Miami, Florida ("the Defendants") and doing business as NORWEGIAN CRUISE LINE.

5. That at all times material hereto, Defendants, personally or through an agent:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office and/or agency in this state and/or county;
   b. were engaged in substantial activity within this state;
   c. Operated vessels in the waters of this state; and/or
   d. Were engaged in the business of providing to the public, and to the Plaintiff in particular, for compensation, vacation cruises aboard their various vessels.

6. That this Court has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as this is a civil action in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state.

7. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1333 as this case arises under the maritime laws of the United States and involves personal injury claims predicated on maritime law. The type of incident and injuries suffered by Plaintiff has the potential to impact maritime commerce as shore side excursions are a part of the cruise experience and sold by cruise lines aboard their cruise ships.

8. Venue is proper under 28 U.S.C. § 1391(b), to the extent that Defendants, which maintains their principle place of business within Miami-Dade County, requires, under their Passenger Contract Ticket, that litigation be commenced within this District, and thereby

deems that a substantial portion of the events or omissions giving rise to the underlying claims occurred within this District.

9. This action is being filed in this Court pursuant to the terms and conditions in the Passenger Contract Ticket issued by Defendants. A copy of the Guest Ticket Contract is attached hereto as Exhibit "**A.**"

10. At all times material hereto, Defendants owned, operated, managed, maintained and/or controlled the vessel the "*Norwegian Encore"* and are engaged in the business of providing cruise vacation packages to passengers.

11. At all times material hereto, Defendants owned, operated, managed, maintained and/or controlled the location of Plaintiff's incident, the private island, Great Stirrup Cay, Bahamas owned by Defendants and operated as a resort-style destination location made available exclusively to Defendants' cruise ships and passengers, including Plaintiff.

12. At all times material hereto, Defendants owned, operated, managed, maintained and/or controlled the beachfront, waterside/oceanside areas of Great Stirrup Cay, including the beach and waterside areas of the Main Beach on Great Stirrup Cay where Plaintiff's incident occurred.

13. At all times material hereto, Defendants owned, operated, managed, maintained and/or controlled the attractions, features and photo-op fixtures located along the beachside areas and over the water/ocean side areas of Great Stirrup Cay, including the overwater swing feature and/or attraction involved in Plaintiff's incident.

14. That at all times material hereto, Defendants employed a staff of more than sixty people living on Great Stirrup Cay full time to prepare the island and the features and attractions thereon, including the overwater swing, for visits by Defendants' cruise ship

passengers and these staff members were employees, agents, and/or apparent agents of Defendants and/or joint venturers with Defendants.

15. That at all times material hereto, the overwater swing feature and/or attraction on the Main Beach on Great Stirrup Cay is promoted, marketed and/or advertised by Defendants to U.S. passengers, such as Plaintiff, as a beachside and water attraction, a photo op feature, and an island activity on Great Stirrup Cay as part of the cruise packages featuring Great Stirrup Cay as a destination.

16. That at all times material hereto, Defendants promote the subject overwater swing attraction through their websites, print materials, onboard announcements, and onboard television programming.

17. That on or about January 9, 2022 Plaintiff, was a fare-paying passenger on a cruise aboard Defendants' vessel, *Norwegian Encore*, which had departed from port in Florida.

18. That on or about January 15, 2022, the *Norwegian Encore* was called on Great Stirrup Cay, Bahamas.

19. That on or about January 15, 2022, Plaintiff was tendered ashore onto Great Stirrup Cay, where he was a business invitee lawfully on Defendants' Main Beach and waterfront areas of the Island utilizing the beach and water features availed to him by Defendants.

20. That on or about January 15, 2022, Plaintiff was utilizing the overwater swing feature and/or attraction provided in the waterside area of the Main Beach on Great Stirrup Cay.

21. That on or about January 15, 2022, while utilizing said feature, Plaintiff sustained severe injuries when the swing seat's slippery surface caused him to slide and fall off the feature and into the submerged rock projection directly beneath the feature, hitting his head, face, and body on the rocks below.

22.     That at all times material hereto, the subject overwater swing feature and/or attraction and the areas directly below and around the feature lacked adequate safety features to prevent Plaintiff's fall and subsequent collision with the rock projection, including slip-resistant surfaces, rock projection coverings, protective barriers underneath and around the subject overwater swing feature and/or attraction, and other such safety features.

23.     That at all times material hereto, the subject overwater subject overwater swing feature and/or attraction and/or attraction, and the areas directly underneath and immediately surrounding the feature in the water where concealed rock projections were located were unreasonably dangerous, risk-creating, improperly located, improperly situated, improperly installed, and/or otherwise unsafe.

24.     That at all times material hereto, these hazardous conditions were known, or should have been known, to Defendants in the exercise of reasonable care.

25.     That at all times material hereto, these conditions presented latent hazards that were neither open nor obvious to Plaintiff, as the feature's slippery surface is neither visible nor perceptible from its outward appearance and the rock projections in the area beneath and around the feature were concealed by feature itself and the water.

26.     That at all times material hereto, Defendants failed to ensure that the overwater swing feature and/or attraction and the areas of the waterfront and beach directly beneath and around the feature were maintained in a  reasonably safe condition and were otherwise free of hazards such as slippery surfaces and concealed rock projections in the areas where passengers could land.

27. That at no point during the time leading up to Plaintiff's use of the feature did any of Defendants' employees, agents, apparent agents and/or representatives attempt to provide instructions for the safe and proper usage of the feature.

28. That at no point during the time leading up to Plaintiff's use of the feature was he warned of the latent dangers posed by the overwater swing feature, its slippery surface that inhibited its traction and grip, the submerged rock projection underneath and surrounding the feature, and the risk of hitting this rock projection while using the feature.

29. On or about February 14, 2022 Plaintiff provided notice to Defendants of incident in compliance with the provision 11(a) of the Guest Ticket Contract.

30. That at all times material to this action, Defendants were and are vicariously liable for the actions and/or inactions of their agents, servants, and/or employees.

31. That Plaintiff demands trial by jury of all issues so triable

## COUNT I – NEGLIGENCE AGAINST DEFENDANT, NORWEGIAN CRUISE LINE HOLDINGS, LTD.

Plaintiff, LEROY M. LINCOLN e-alleges and restates paragraphs 1-31 and further states:

32. That Plaintiff, LEROY M. LINCOLN, brings this count asserting a cause of action against Defendant, NORWEGIAN CRUISE LINE HOLDINGS, LTD. ("Defendant").

33. That at all times material hereto, Defendant and/or its agents, servants, joint venturers, and/or employees owed Plaintiff, as its passenger, a duty to exercise reasonable care under the circumstances for the safety of its passenger, to maintain its premises in a reasonably safe condition, and to warn of dangers or hazards that were known, or reasonably should have been known, to Defendant in places where passengers (like Plaintiff) are invited to or may reasonably be expected to visit or encounter.

34. That at all times material hereto, Defendant's duties to exercise reasonable care for the safety of its passengers and to warn extended to Plaintiff's time spent while on Great Stirrup Cay, a private island destination owned, operated, maintained, controlled, and staffed by Defendant and to which Plaintiff was invited and reasonably expected to be by Defendant.

35. That at all times material hereto, Defendant and/or its agents, servants and/or employees breached the aforementioned duties by one or more negligent acts and/or omissions which include, but are not necessarily limited to:

    a. Failing to provide Plaintiff reasonably safe conditions and features at its beach resort;
    b. Failing to maintain the subject overwater swing feature and/or attraction and the area directly underneath and around the feature in the waterfront part of the main beach on Great Stirrup Cay off in a reasonably safe condition;
    c. Failing to take proper precautions for the safety of passengers using the subject overwater swing feature and/or attraction;
    d. Failing to install proper and reasonable safeguards and protective features on the subject overwater swing feature and/or attraction and in the area directly underneath and around the feature in the waterfront part of the main beach on Great Stirrup Cay to prevent passengers from being injured;
    e. Failing implement sufficient policies and procedures for the prevention of accidents, such as the Plaintiff's;
    f. Failing to establish and implement adequate policies and procedures for regular inspection, cleaning and maintenance of the subject overwater swing feature and/or attraction and the area directly underneath and around the feature in the waterfront part of the main beach on Great Stirrup Cay;
    g. Failing to provide adequate warnings in the area where Plaintiff was injured;
    h. Failing to warn Plaintiff of the dangerous and hazardous conditions on and around the subject overwater swing feature and/or attraction that could result in injuries, including the feature's slippery surface, the lack of protective safeguards and safety features on the swing and the area directly underneath and around the feature, and the hidden rock projections immediately underneath and around the feature;
    i. Failing to ensure that the subject overwater swing feature and/or attraction was located in a reasonably safe area free of hazardous conditions, including rock projections ;
    j. Creating dangerous conditions by providing the subject overwater swing feature and/or attraction installed, placed and/or located in an unsafe area

   directly above imperceptible rock projections hidden below the surface and not readily visible to guests;
k. Creating an attractive nuisance in a dangerous location;
l. Concealing the dangerous conditions in the area immediately underneath and surrounding the subject overwater swing feature and/or attraction where passengers were likely to land and/or fall onto, including the rock projections;
m. Failing to assign employees or staff members to monitor and supervise the subject overwater swing feature and/or attraction and the area directly underneath and around the feature to ensure safe usage and to otherwise warn passengers of hazardous dangerous conditions on or around the subject overwater swing feature and/or attraction about which Defendant knew or should have known.
n. Failing to warn the Plaintiff of the perils which were or should have been known to the Defendant in the exercise of reasonable care, including the slippery surface of the swing and the hidden rock projections surrounding it in the areas where passengers could land;
o. Failing to properly train its employees in how to keep the areas in question in safe condition free of hazards, on how to instruct passenger to use the subject overwater swing feature and/or attraction, and on how to otherwise warn passengers of the hazards present on and around the subject overwater swing feature and/or attraction;
p. allowing unsafe and hazardous conditions to exist on and around the subject overwater swing feature and/or attraction about which Defendant knew or should have known;
q. Failing to maintain the subject overwater swing feature and/or attraction and the areas directly underneath and around the feature in reasonably safe conditions; and/or
r. All other acts and negligence which may be discovered herein.

36. That as a direct and proximate result of the negligence and breach of duties by Defendant, Plaintiff sustained severe and permanent injuries to his person.

37. That as a direct and/or proximate result of the Defendant's breaches of duties, Plaintiff has in the past and will in the future suffer damages which include, without limitation:

   a. bodily injuries;
   b. pain and suffering;
   c. disability, both temporary and permanent, within reasonable degree of medical probability;
   d. disfigurement and scarring of a significant nature;
   e. aggravation of preexisting conditions;
   f. mental anguish;
   g. lost capacity for enjoyment of life;

8

      h.  lost earnings;
      i.  lost earning capacity;
      j.  medical, hospital, and/or other healthcare expenses; and/or
      k.  loss of bodily function.

**WHEREFORE**, Plaintiff, LEROY M. LINCOLN, demands trial by jury and judgment against Defendants NORWEGIAN CRUISE LINE HOLDINGS, LTD., for damages suffered as a result of the alleged accident and injury including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, hospitalization, medical care and treatment and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest

## COUNT II – NEGLGIENCE AGAINST DEFENDANT, NCL (BAHAMAS) LTD. d/b/a NORWEGIAN CRUISE LINE

Plaintiff, LEROY M. LINCOLN, re-alleges and restates paragraphs 1-31 and further states:

38. Plaintiff, LEROY M. LINCOLN, brings this count asserting a cause of action against Defendant, NCL (BAHAMAS) LTD. d/b/a NORWEGIAN CRUISE LINE.

39. That at all times material hereto, Defendant and/or its agents, servants, joint venturers, and/or employees owed Plaintiff, as its passenger, a duty to exercise reasonable care under the circumstances for the safety of its passenger, to maintain its premises in a reasonably safe condition, and to warn of dangers or hazards that were known, or reasonably should have been known, to Defendant in places where passengers (like Plaintiff) are invited to or may reasonably be expected to visit or encounter.

40. That at all times material hereto, Defendant's duties to exercise reasonable care for the safety of its passengers and to warn extended to Plaintiff's time spent while on Great Stirrup Cay, a private island destination owned, operated, maintained, controlled, and staffed by Defendant and to which Plaintiff was invited and reasonably expected to be by Defendant.

41. That at all times material hereto, Defendant and/or its agents, servants and/or employees breached the aforementioned duties by one or more negligent acts and/or omissions which include, but are not necessarily limited to:

    a. Failing to provide Plaintiff reasonably safe conditions and features at its beach resort;
    b. Failing to maintain the subject overwater swing feature and/or attraction and the area directly underneath and around the feature in the waterfront part of the main beach on Great Stirrup Cay off in a reasonably safe condition;
    c. Failing to take proper precautions for the safety of passengers using the subject overwater swing feature and/or attraction;
    d. Failing to install proper and reasonable safeguards and protective features on the subject overwater swing feature and/or attraction and in the area directly underneath and around the feature in the waterfront part of the main beach on Great Stirrup Cay to prevent passengers from being injured;
    e. Failing implement sufficient policies and procedures for the prevention of accidents, such as the Plaintiff's;
    f. Failing to establish and implement adequate policies and procedures for regular inspection, cleaning and maintenance of the subject overwater swing feature and/or attraction and the area directly underneath and around the feature in the waterfront part of the main beach on Great Stirrup Cay;
    g. Failing to provide adequate warnings in the area where Plaintiff was injured;
    h. Failing to warn Plaintiff of the dangerous and hazardous conditions on and around the subject overwater swing feature and/or attraction that could result in injuries, including the feature's slippery surface, the lack of protective safeguards and safety features on the swing and the area directly underneath and around the feature, and the hidden rock projections immediately underneath and around the feature;
    i. Failing to ensure that the subject overwater swing feature and/or attraction was located in a reasonably safe area free of hazardous conditions, including rock projections ;
    j. Creating dangerous conditions by providing the subject overwater swing feature and/or attraction installed, placed and/or located in an unsafe area directly above imperceptible rock projections hidden below the surface and not readily visible to guests;
    k. Creating an attractive nuisance in a dangerous location;
    l. Concealing the dangerous conditions in the area immediately underneath and surrounding the subject overwater swing feature and/or attraction where passengers were likely to land and/or fall onto, including the rock projections;
    m. Failing to assign employees or staff members to monitor and supervise the subject overwater swing feature and/or attraction and the area directly underneath and around the feature to ensure safe usage and to otherwise warn passengers of hazardous dangerous conditions on or around the subject

      overwater swing feature and/or attraction about which Defendant knew or should have known.

    n. Failing to warn the Plaintiff of the perils which were or should have been known to the Defendant in the exercise of reasonable care, including the slippery surface of the swing and the hidden rock projections surrounding it in the areas where passengers could land;

    o. Failing to properly train its employees in how to keep the areas in question in safe condition free of hazards, on how to instruct passenger to use the subject overwater swing feature and/or attraction, and on how to otherwise warn passengers of the hazards present on and around the subject overwater swing feature and/or attraction;

    p. Allowing an unsafe and latent hazardous conditions to exist on and around the subject overwater swing feature and/or attraction about which Defendant knew or should have known;

    q. Failing to maintain the subject overwater swing feature and/or attraction and the areas directly underneath and around the feature in reasonably safe conditions; and/or

    r. All other acts and negligence which may be discovered herein.

42. That as a direct and proximate result of the negligence and breach of duties by Defendant, Plaintiff sustained severe and permanent injuries to his person.

43. That as a direct and/or proximate result of the Defendant's breaches of duties, Plaintiff has in the past and will in the future suffer damages which include, without limitation:

      l. bodily injuries;
      m. pain and suffering;
      n. disability, both temporary and permanent, within reasonable degree of medical probability;
      o. disfigurement and scarring of a significant nature;
      p. aggravation of preexisting conditions;
      q. mental anguish;
      r. lost capacity for enjoyment of life;
      s. lost earnings;
      t. lost earning capacity;
      u. medical, hospital, and/or other healthcare expenses; and/or
      v. loss of bodily function.

**WHEREFORE**, Plaintiff, LEROY M. LINCOLN, demands trial by jury and judgment against Defendant, NCL (BAHAMAS) LTD. d/b/a NORWEGIAN CRUISE LINE, for damages suffered as a result of the alleged accident and injury including pain and suffering, disability,

physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, hospitalization, medical care and treatment and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest.

**DEMAND FOR JURY TRIAL**

Plaintiff, LEROY M. LINCOLN, hereby demands a trial by jury of all of the issues so triable of right.

DATED this 7th day of February 2023

                                                Respectfully submitted,

                                                /s/Ronald Rodman, Esq.
                                                RONALD D. RODMAN, ESQ.
                                                F.B.N. 664332
                                                Ronrod@frflawgroup.com
                                                Friedman, Rodman Frank & Estrada, P.A.
                                                3636 West Flagler Street
                                                Miami, FL 33135
                                                T. 305-448-8585
                                                F. 305-448-9818
                                                *Attorneys for Plaintiff*